UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGINA R.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5730-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her applications for Disability Insurance Benefits and Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by finding her alcohol abuse to be material to her disability, in discounting a treating physician's opinions, and in finding that fibromyalgia was not medically determinable. (Dkt. # 7 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1968; has a college degree and master's of business administration; and has worked as a systems analyst, senior project manager, and clinical application manager.

ORDER - 1

AR at 262-63, 809. Plaintiff was last gainfully employed in May 2015. *Id.* at 281.

In June and July 2017, Plaintiff applied for benefits, alleging disability as of May 10, 2015. AR at 241-49. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 156-71, 174-89. After the ALJ conducted a hearing in March 2019 (*id*. at 38-80), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-31.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since her alleged onset date.

Step two: Plaintiff has the following severe impairments: degenerative disc disease, rheumatoid arthritis, depression, anxiety, and alcohol abuse.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Plaintiff can perform light work with additional limitations: she can lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk six hours out of an eight-hour workday, and sit six hours out of an eight-hour workday. She can frequently climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds. She can occasionally crawl, and frequently perform other postural activities. She can occasionally handle and finger. She needs to avoid concentrated exposure to extreme cold and hazards. She can understand, remember, and carry out simple instructions and tasks consistent with a Specific Vocational Preparation level 2, in order to account for deficiencies in concentration and pace that may arise with more complex work. She can tolerate occasional interaction with others. She needs unscheduled breaks most days and would be absent from the workstation about 20 hours per month.

Step four: Plaintiff cannot perform past relevant work.

Step five: There are no jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Drug Abuse and Alcoholism ("DAA") findings: If Plaintiff stopped the substance abuse, she would continue to have a severe impairment or combination of impairments, but they would not singly or in combination meet or equal the requirements of a listed impairment.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

If she stopped the substance abuse, Plaintiff could perform light work with additional limitations: she could lift/carry 20 pounds occasionally and 10 pounds frequently. She could stand and/or walk six hours out of an eight-hour workday, and sit six hours out of an eight-hour workday. She could frequently climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds. She could occasionally crawl, and frequently perform other postural activities. She could occasionally handle and finger bilaterally. She would need to avoid concentrated exposure to extreme cold and hazards.

If she stopped the substance abuse, Plaintiff could perform her past work as a professional consultant and program manager. Her substance use is a contributing factor material to the determination of disability, because she would not be disabled if she stopped the substance use. Because Plaintiff's substance use disorder is a contributing factor material to the determination of disability, she has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.

AR at 15-31.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

ORDER - 3

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    DISCUSSION

### A.    The ALJ Did Not Err in Finding Fibromyalgia to be Not Medically Determinable

The ALJ noted that Plaintiff's medical records mention fibromyalgia but found that because the record did not contain a diagnosis consistent with the criteria set forth in Social Security Ruling ("SSR") 12-2p, fibromyalgia was not a medically determinable impairment. AR at 18. Plaintiff argues that the ALJ erred in finding that her fibromyalgia was not medically determinable because it had been diagnosed by a rheumatologist and precise documentation is not required. (Dkt. # 7 at 11-12.)

Plaintiff's arguments are not persuasive. In order to be found medically determinable, an impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a statement of symptoms. 20 C.F.R. § 404.1521. The Commissioner has promulgated an SSR dedicated to explaining the diagnostic criteria for fibromyalgia. *See* SSR 12-2p, 2012 WL 3104869 (Jul. 25, 2012).

Plaintiff does not dispute that, as the ALJ found, the record does not contain findings consistent with either set of diagnostic criteria set forth in SSR 12-2p. AR at 18. Plaintiff's rheumatologist's reference to Plaintiff's pain does not satisfy SSR 12-2p, and the rheumatologist

ORDER - 4

1 did not reference any of the diagnostic criteria for fibromyalgia, which distinguishes this case
2 from the cases cited by Plaintiff. (Dkt. # 7 at 11-12 (citing *Allen v. Colvin*, 2016 WL 7268128, at
3 *3 (W.D. Wash. Jan. 8, 2016) (citing *Conteras v. Astrue*, 378 Fed.App'x. 656 (9th Cir. 2010))).)
4 Plaintiff has not cited any binding authority indicating that a rheumatologist's diagnosis of
5 fibromyalgia based on Plaintiff's report of pain is sufficient to establish the existence of
6 fibromyalgia.
7     Instead, she argues that the ALJ should have assumed that the proper documentation
8 existed but were not included in the record, because Plaintiff's fibromyalgia diagnosis had been
9 made prior to her alleged onset date. (Dkt. # 12 at 8.) Plaintiff has pointed to no authority
10 permitting — let alone requiring — the ALJ to assume the existence of a medically determinable
11 impairment based on findings that might have been made before the adjudicated period. Plaintiff
12 has not shown that the ALJ's finding regarding fibromyalgia was erroneous based on the record
13 before him.
14     Furthermore, the ALJ indicated that even though he found Plaintiff's fibromyalgia to be
15 not medically determinable, he "considered [Plaintiff's fibromyalgia] diagnosis, signs, and
16 symptoms in assessing her chronic pain symptoms and her overall functional abilities." AR at 18.
17 Under these circumstances, it does not appear that the ALJ's step-two findings prejudiced the
18 remainder of the ALJ's decision, and thus any possible error would be harmless. *See, e.g.*, *Lewis*
19 *v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).
20     **B.     The ALJ Did Not Err in Finding Plaintiff's DAA to be Material**
21     A claimant is not entitled to disability benefits "if alcoholism or drug addiction would . . .
22 be a contributing factor material to the Commissioner's determination that the individual is
23 disabled." 42 U.S.C. § 423(d)(2)(C). Therefore, where relevant, an ALJ must conduct a DAA

ORDER - 5

analysis and determine whether a claimant's disabling limitations remain absent the use of drugs or alcohol. 20 C.F.R. §§ 404.1535, 416.935. That is, the ALJ must, first, identify disability under the five-step procedure and, second, conduct a DAA analysis to determine whether substance abuse was material to disability. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied." *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007). Plaintiff bears the burden of proving that DAA is not a contributing factor material to her disability. *Parra*, 481 F.3d at 747-48.

In this case, the ALJ performed the two-step materiality evaluation applicable to DAA cases: the ALJ found that when Plaintiff's DAA was considered, her limitations were disabling, but that if she stopped the DAA, her limitations would no longer be disabling. *See* AR at 15-31. In light of these findings, the ALJ concluded that Plaintiff's DAA was material to the disability determination and Plaintiff was therefore ineligible for benefits. *Id*. at 31.

Plaintiff contends that the ALJ's materiality finding is not supported by substantial evidence because none of the medical opinions in the record indicate that Plaintiff's DAA was material to her disability. (Dkt. # 7 at 5-6.) Plaintiff points to examining psychological opinions indicating that Plaintiff's limitations would persist even if Plaintiff were sober, but, as noted by the Commissioner and stated in the ALJ's decision, the examiners were unaware of the full extent of Plaintiff's alcohol use when they opined that her limitations were not related to her alcohol use. (*See* Dkt. # 11 at 12-13 (summarizing records referencing Plaintiff's ongoing alcohol use between May 2015 and March 2019).) The ALJ explained that he did not find the

ORDER - 6

psychological opinions persuasive as to Plaintiff's functioning *without* alcohol use, given that Plaintiff did not maintain more than three months of sobriety during the entire adjudicated period. AR at 25-26. This is a reasonable reading of the examining opinions, particularly because Plaintiff misrepresented the extent of her alcohol use to the examiners. *Compare id*. at 549 (Plaintiff's report to Nathaniel Sowa, M.D., that she had been sober for "the past couple of months" in August 2017) *with id*. at 600 (Plaintiff's report to treating rheumatologist in July 2017 that she drinks alcohol "about twice [a] week"); *compare also id.* at 809 (Plaintiff's report to Curtis Greenfield, Psy.D., in November 2017 that she had been sober "for three months now") *with id*. at 580 (Plaintiff reporting "frequent alcohol use" that she was not ready to address in September 2017), 770 (toxicology report showing Plaintiff's liver enzymes were elevated from alcohol use in December 2017). Plaintiff does not challenge the ALJ's finding that her self-reporting was not reliable, and the ALJ reasonably found that the examiners' opinions as to Plaintiff's functioning while sober were unsupported and therefore less persuasive, due to their reliance on Plaintiff's inaccurate self-reporting.[3] *See id*. at 22.

To the extent that Plaintiff goes on to suggest that the ALJ's materiality finding is not based on substantial evidence, Plaintiff overlooks the evidence cited throughout the ALJ's decision indicating that Plaintiff's symptoms worsened with alcohol use. For example, the ALJ noted that Plaintiff was able to work with the same impairments that she claimed to be disabling, during the time period before her alcohol use increased, and she stopped working for reasons

---

[3] Even if, as Plaintiff alleges (dkt. # 12 at 3-5), the amendments to the regulations regarding medical opinions do not negate pre-amendment Ninth Circuit cases, the Ninth Circuit has previously held that a claimant's inaccurate description of drug or alcohol use is a legally sufficient reason to discount a medical opinion based on that description. *See, e.g.*, *Oviatt v. Comm'r of Social Sec. Admin.*, 303 Fed.App'x. 519, 522 (9th Cir. Dec. 16, 2008). Thus, whether the Court applies the new medical regulations or Ninth Circuit case law, the Court finds that the ALJ adequately explained why the examining opinions were discounted or unpersuasive.

ORDER - 7

other than her impairments. *See, e.g.*, AR at 29. The ALJ also cited Plaintiff's report to a provider that alcohol use made her depression and anxiety worse. *Id*. at 21 (citing *id*. at 832). The ALJ further found that Plaintiff inconsistently sought treatment for depression and anxiety and the record contains generally normal mental status examinations, although Plaintiff did report some problems with mood. *Id*. at 25. All of this evidence, which the ALJ cited in support of unchallenged reasons to discount Plaintiff's self-reporting, also supports the ALJ's finding that Plaintiff's DAA was a contributing factor material to her disability.

For these reasons, the Court rejects Plaintiff's arguments that the ALJ's materiality finding is based on an erroneous interpretation of the medical opinion evidence and/or is not supported by substantial evidence. Plaintiff has not met her burden to show error in the ALJ's materiality finding.

**C.     The ALJ Did Not Err in Discounting Certain Medical Opinions**

Plaintiff argues that the ALJ erred in assessing the opinions of her primary care physician, Paul Schmidt, D.O. Dr. Schmidt completed form opinions describing Plaintiff's physical conditions and limitations, in June 2017, October 2018, and February 2019. *See* AR at 542-43, 796-807. In all three opinions, Dr. Schmidt opined that Plaintiff's conditions would preclude sedentary work and lead to excessive absences. *See id*. The ALJ found that these opinions were not persuasive indicators of Plaintiff's functioning with *or* without substance abuse because they described disabling limitations due to rheumatoid arthritis and/or fibromyalgia and a spine impairment, even though: (1) Plaintiff had worked for years with rheumatoid arthritis and her rheumatologist indicated this condition was well controlled, (2) fibromyalgia was not medically determinable, (3) Plaintiff's spine impairment was treated

conservatively and her pain improved with medication, and (4) the treatment notes often documented normal functional tests. *Id*. at 29-30.

Plaintiff argues that the ALJ's reasons for finding Dr. Schmidt's opinions unpersuasive are not legally sufficient under Ninth Circuit case law. (Dkt. # 7 at 12-15.) As discussed above, new regulations apply to the ALJ's assessment of medical opinions,[4] but the Court finds that regardless of whether the Court applies the new regulations or Ninth Circuit case law, the ALJ's analysis was sufficient.

          1.     *Rheumatoid Arthritis*

The ALJ found that although Dr. Schmidt indicated that Plaintiff's rheumatoid arthritis caused disabling limitations, Plaintiff had worked for years with this condition and the rheumatology treatment notes indicated that it was controlled with medication. AR at 29. Plaintiff cites parts of the record showing that her symptoms persisted even with medication. (Dkt. # 7 at 12.)

The record contains substantial evidence, however, supporting the ALJ's interpretation. *See, e.g.*, AR at 477 (describing increased symptoms when Plaintiff stopped taking prescribed medications), 494 (Plaintiff cannot take certain medications for her rheumatoid arthritis because of her alcoholism), 605 (rheumatologist describes Plaintiff's rheumatoid arthritis as "well

---

[4] Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id*. at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id*. at (b)(2), (c)(3)-(5).

ORDER - 9

controlled"), 619 (same), 770 (same), 778 (Plaintiff reporting increased symptoms but also did not comply with a medication switch prescribed by rheumatologist).

Furthermore, as noted by the ALJ (AR at 29), Plaintiff's rheumatoid arthritis was managed by her rheumatologist, rather than Dr. Schmidt. *See id*. at 544, 786. Plaintiff's rheumatologist did not opine that her rheumatoid arthritis caused any particular limitations, and instead his treatment notes as cited above indicate that he believed Plaintiff's rheumatoid arthritis was well-controlled with the medication regimen he developed. *See id*. at 605, 619, 770.

Because the record contains substantial evidence supporting the ALJ's finding that Plaintiff's rheumatoid arthritis was well-controlled with medication, the ALJ reasonably found that this evidence was inconsistent with Dr. Schmidt's opinion describing disabling limitations caused by rheumatoid arthritis. This reasoning satisfies the ALJ's obligation under the new medical regulations to explain the persuasiveness of an opinion based on its consistency with the record, and it would also constitute a legally sufficient reason to discount an opinion under Ninth Circuit authority. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

    2.  *Fibromyalgia*

The ALJ next indicated that Dr. Schmidt's opinions were less persuasive because they accounted for limitations caused by fibromyalgia, which the ALJ found to be not medically determinable. AR at 29. As explained *supra*, the ALJ did not err in finding Plaintiff's fibromyalgia to be not medically determinable, or in finding this portion of Dr. Schmidt's opinion to be unsupported. This reasoning satisfies the ALJ's obligation under the new medical regulations to explain the persuasiveness of an opinion based on its supportability, and it would

ORDER - 10

also constitute a specific, legitimate reason to discount an opinion under Ninth Circuit authority predating the new medical regulations. *See, e.g.*, *Dennis G. v. Comm'r of Social Sec.*, 2020 WL 3620100, at *10 (E.D. Wash. Mar. 30, 2020) (citing *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); SSR 96-8p, 1996 WL 374184, at *2).

### 3. Spine Impairment

The ALJ went on to find that Dr. Schmidt's opinions were unpersuasive as to Plaintiff's spine condition because that condition was treated conservatively, Plaintiff's pain resolved with medication, and her objective testing was mostly normal. AR at 29-30.

Plaintiff argues that her conservative course of treatment does not undermine her pain complaints because she could not be treated more aggressively due to past surgeries as well as her osteoarthritis. (Dkt. # 7 at 13.) She also contends that her pain did not entirely resolve, and that the ALJ erroneously "played doctor" in finding the normal objective findings to be more significant than the abnormal findings. (Dkt. # 7 at 13-14.)

As to Plaintiff's first argument: the ALJ himself acknowledged that Plaintiff's treatment options were limited (AR at 28), but the ALJ also went on to emphasize that Plaintiff did not comply with the treatment recommendations that were available to her, namely physical therapy. *See id*. (citing *id*. at 681-704 (indicating that Plaintiff stopped attending physical therapy after three visits and was discharged due to lack of contact)). Furthermore, the ALJ also acknowledged some reports of pain and tenderness, as well as some abnormal objective findings (*id*. at 28), but pointed to objective findings suggesting that Plaintiff's functional limitations were not disabling, in light of her normal gait, full strength, intact sensation, no joint effusion, and full range of motion. *See id*. at 467, 479, 603, 617, 749-50, 768, 774, 781.

This interpretation may not be the only reasonable interpretation of the record, but Plaintiff has not shown that the ALJ erred in relying on many normal objective findings as evidence inconsistent with Dr. Schmidt's opinions. This reasoning satisfies the ALJ's obligation under the new medical regulations to explain the persuasiveness of an opinion based on its consistency with the remainder of the record, and it would also constitute a specific, legitimate reason to discount an opinion under Ninth Circuit authority predating the new medical regulations. *See, e.g.*, *Tommasetti*, 533 F.3d at 1041.

Because the ALJ's assessment of Dr. Schmidt's opinion complies with the new medical regulations applicable to this case, and would also satisfy standards set forth in Ninth Circuit case law, the Court finds that Plaintiff has not met her burden to show error in this portion of the ALJ's decision.

V.   **CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 19th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge